UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

EDWARD DALE SPICER and )
ANITA SPICER, )
 )
            Plaintiffs, )
 )
     v. ) CASE NO. 4:06-cv-0149-DFH-WGH
 )
LIBERTY MUTUAL FIRE INSURANCE )
COMPANY, )
 )
            Defendant. )


ENTRY ON DEFENDANT'S MOTION IN LIMINE


On November 20, 2005, fire destroyed the residence of plaintiffs Edward and

Anita Spicer in Austin, Indiana.  The Spicers filed a property damage claim under

their homeowners insurance policy issued by defendant Liberty Mutual Fire

Insurance Company.  Liberty Mutual denied the claim on the ground that the

Spicers had intentionally set the fire.  The Spicers have sued for breach of the

insurance contract.  The court earlier granted Liberty Mutual's motion for partial

summary judgment, finding that the undisputed facts defeated the Spicers' related

tort claim for bad faith denial of their claim.  See *Spicer v. Liberty Mutual Fire

Insurance Co.*, 2007 WL 1892030 (S.D. Ind. June 27, 2007).


The case is set for trial on September 10, 2007.  Liberty Mutual has filed a

motion in limine seeking a determination that it may offer evidence to the jury of

Mr. Spicer's criminal conviction for arson in 1992, based on a fire that occurred in 1989.  As explained below, the court denies the motion.

I.      *The Prior Conviction*

From the parties' submissions, it appears that Mr. Spicer's mother owned a restaurant in Scottsburg, Indiana, that was damaged by fire in November 1989. One and a half years later, on May 16, 1991, plaintiff Edward Spicer was indicted on two counts:  arson as a class B felony and arson with intent to defraud an insurance company.  In October 1992, Mr. Spicer pled guilty to the arson charge but not to the arson-for-fraud charge.  He was sentenced under a plea agreement to no jail or prison time beyond the one day he had spent in jail, so long as he complied with the terms of four years probation and performed 150 hours of community service.  No fine or cost award was imposed.  It appears that Mr. Spicer completed his probation successfully.

After the fire in the Spicers' home in Austin in November 2005, the state fire marshal and an investigator hired by Liberty Mutual both concluded that the fire had been set deliberately.  Liberty Mutual then hired outside counsel to conduct examinations under oath of the Spicers.  The attorney asked Mr. Spicer at page 7 of the transcript whether he had ever been convicted of a crime.  He said no. Later in the questioning, the attorney asked whether he had ever been "involved in a fire before."  Spicer told him that he had been accused of arson before.  He said he did not actually commit the crime, but he told the attorney about the 1992

conviction and the very light sentence imposed under the plea bargain.  Edward

Spicer EUO Tr. at 50-53.

II.      *Rule 609(b)*

Liberty Mutual argues that it should be entitled to use the 1992 arson

conviction to impeach Mr. Spicer's credibility if he testifies at trial.  A conviction

more than ten years old is not admissible to impeach a witness or party "unless

the court determines, in the interests of justice, that the probative value of the

conviction supported by specific facts and circumstances substantially outweighs

its prejudicial effect."   Fed. R. Evid. 609(b).   Such older convictions will be

admitted "very rarely and only in exceptional circumstances."  *United States v.*

*Redditt*, 381 F.3d 597, 601 (7th Cir. 2004), quoting *United States v. Fallon*,

348 F.3d 248, 254 (7th Cir. 2003), quoting in turn *United States v. Shapiro*,

565 F.2d 479, 481 (7th Cir. 1977).

In general, the court must consider five factors in weighing probative value

against unfair prejudice:  "(1) the impeachment value of the prior crime; (2) the

point in time of the conviction and the defendant's subsequent history; (3) the

similarity between the past crime and the charged crime; (4) the importance of the

defendant's testimony; and (5) the centrality of the credibility issue."  *United*

*States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997) (applying Rule 609(a)).  It

appears that the same factors apply in any such balancing under any portion of

Rule 609, but the test under Rule 609(b) is applied most stringently in the

direction of exclusion.  See Weinstein's Federal Evidence § 609.06[1] at 609-46.1 (2d ed. 2005).  The factors do not make this the rare and exceptional case where such an old conviction might be used for impeachment.

First, the impeachment value of the prior crime of arson is not unusually great.  The crime of conviction did not include an element of deception or fraud.  Second, the previous fire occurred in 1989, sixteen years before the 2005 fire at issue here.  There is no suggestion or evidence that Spicer was involved in any similar wrongdoing between these two events, so the passage of time weighs against admission.  Third, the similarity between the past crime of arson and the charged arson in this case indicates an especially serious risk of prejudice.  See *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967) (Burger, J.), cited with approval in *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976).  As Chief Justice Burger wrote for the District of Columbia Circuit in *Gordon*, "those convictions which are for the same crime should be admitted sparingly" because of "the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'" 383 F.2d at 940.

Fourth and fifth, the importance of the defendant's testimony is high in this case, and his credibility is central to the case.  Both Mr. and Mrs. Spicer have denied that they set the fire intentionally.  Under Indiana civil arson law, a jury may find (but is not required to find) that an insured committed arson based on evidence that the fire was set intentionally and that the insured had both the

motive and opportunity to set the fire.  *E.g., Cincinnati Ins. Co. v. Compton*, 569 N.E.2d 728, 729-30 (Ind. App. 1991); *Dean v. Insurance Co. of North America*, 453 N.E.2d 1187, 1194-95 (Ind. App. 1983); see also *Lummis v. State Farm Fire & Cas. Co.*, 469 F.3d 1098, 1100 (7th Cir. 2006) (affirming summary judgment for insurer on bad faith denial claim, and recognizing that insurer may rely on circumstantial evidence to deny claim based on suspected arson).  It appears highly likely that Liberty Mutual will be able to show all three of those elements in this case, so the credibility of Mr. Spicer's denial will be central.

The first three factors all weigh against admission of the old conviction under Rule 609(b), with the second and the third weighing heavily against its admission.  Although the fourth and fifth factors tend to favor admission, the court does not find that the probative value of the conviction would substantially outweigh its unfairly prejudicial effect.

Liberty Mutual argues that it should be entitled to offer evidence of the 1992 arson conviction to show that Mr. Spicer lied in his examination under oath when he denied having any prior criminal conviction.  Mr. Spicer's initially wrong answer does not change this analysis.  Mr. Spicer was not represented by an attorney during that examination.  When first asked whether he had ever been convicted of a crime, he said no.  When he was asked a little later whether he had been involved in a fire before, he told the whole story of the earlier conviction, answering all of the Liberty Mutual's attorney's questions.   Under these

circumstances, the initial incorrect answer does not reliably indicate deliberate lying. In any event, whatever probative value the matter might contribute would be outweighed by the prejudicial effect of the prior conviction, and certainly would not "substantially outweigh" that prejudicial effect. Liberty Mutual would not be allowed at trial to ask the general question about any prior convictions, of any kind, ever. The fact that it did so in the examination under oath that it conducted before the Spicers had a lawyer does not open the gates wide for otherwise inadmissible impeachment material.

Liberty Mutual relies on *Stutzman v. CRST, Inc.*, 997 F.2d 291, 298-99 (7th Cir. 1993), in which the district court allowed impeachment of a defense expert witness in a civil case with an old conviction for making a false statement. The district court had reasoned that the witness's recent denial of criminal convictions during his deposition one week before trial justified admission. *Stutzman* is readily distinguishable on several grounds. First, the prior conviction in *Stutzman* was for making a false statement, which is more probative of credibility than Mr. Spicer's prior arson conviction. Second, the witness in *Stutzman* was only a witness, not a party, and there was no risk of the type of prejudice presented here, where the prior conviction was for a crime similar to the current charge of wrongdoing. Third, Mr. Spicer's fairly prompt correction of his incorrect answer undermines or at least limits any probative value the prior conviction might have in this case. There was no such correction in *Stutzman*. Finally, of course, the Court of Appeals in *Stutzman* held that the district court had not abused its

discretion by allowing the impeachment; it did not hold that the district court would have erred by excluding the old conviction. The court is not persuaded that Mr. Spicer's old conviction should be admitted on this basis.

III.   *Rule 404(b)*

Liberty Mutual next argues that the prior conviction should be admissible under Rule 404(b) of the Federal Rules of Evidence, which provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

The Seventh Circuit applies a four-part test for evidence offered under Rule 404(b). The party offering the evidence must show: "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *United States v. Puckett*, 405 F.3d 589, 596 (7th Cir. 2005), quoting *United States v. Jones*, 389 F.3d 753, 757 (7th Cir. 2004), vacated on other grounds, *Jones v. United States*, 545 U.S. 1125 (2005). Mr. Spicer's prior conviction does not meet this standard in this case.

First, the most obvious purpose for offering evidence of his prior conviction is precisely the hope that the jury will infer from it Mr. Spicer's propensity to commit arson, the wrong charged by Liberty Mutual to deny the claim. Liberty Mutual is not specific about a proper purpose, quoting instead the entire list of permissible uses under Rule 404(b). There is no issue here of motive, preparation, plan, or absence of mistake or accident. Liberty Mutual's general references to knowledge and intent do not suffice in this case. See *United States v. Jones*, 389 F.3d at 757-58 (finding district court erred by admitting evidence of prior drug transactions where there was no clear distinction between propensity and evidence of knowledge or intent). The Spicers are not claiming that they actually set fire to their home but did so accidentally. Cf. *United States v. Asher*, 178 F.3d 486, 494-95 (7th Cir. 1999) (affirming admission of Rule 404(b) evidence in auto theft case where defendant argued that transactions for salvage vehicles were normal business transactions and were not intended to secure a new VIN for stolen vehicles). Most crimes involve some element of knowledge and intent. That element does not provide a wide open invitation to offer Rule 404(b) evidence.

On the second and third prongs, the 1989 fire was not close in time, occurring sixteen years before the fire in this case, with no evidence of any pattern of wrongdoing in the meantime. Although there is no sharp time limit under Rule 404(b), sixteen years appears to be outside the range that the Seventh Circuit has ever approved. See *United States v. Macedo*, 371 F.3d 957, 967 (7th Cir. 2004) (affirming admission of acts committed nine years earlier as "close case"). The

actual similarity of the acts is difficult to determine at this point. Mr. Spicer pled guilty to arson, which operated to admit the essential elements of the offense (despite his statements recently that he did not actually set the fire but believes his sister did so). There is no record of the factual basis for the guilty plea or specific details that might show a common "signature" or modus operandi. Cf. *United States v. Asher*, 178 F.3d at 495 (affirming admission of evidence under Rule 404(b) where "distinctive similarities" showed relevance of prior acts to current case), citing *United States v. Smith*, 103 F.3d 600, 603 (7th Cir. 1996) (explaining modus operandi evidence). If the details of the 1989 fire were relevant for some legitimate purpose, Liberty Mutual has not shown that it has evidence sufficient to show such similarities. Even if it had such evidence, the facts apparently would be disputed. A trial of disputed facts about the 1989 fire would present a substantial risk of confusion and waste of time, in addition to the inherent prejudice in that evidence. Fourth, the danger of unfair prejudice here substantially outweighs any limited probative value that the sixteen year old crime might have, for reasons set forth above in the discussion of Rule 609(b). Accordingly, the prior conviction is not admissible under Rule 404(b).

III.    *Rebuttal Theory*

Finally, Liberty Mutual argues that it should be allowed to offer evidence of the prior conviction to rebut testimony given during a deposition by plaintiff's expert witness on the cause and origin of the 2005 fire. Liberty Mutual's lawyer asked the witness if he believed the investigators who concluded the fire was

arson were lying, and he said yes.  Claytor Dep. 55.  He later testified it was his
"feeling" that the other investigators knew of Mr. Spicer's prior conviction and
approached the case with a bias because of that knowledge.  *Id.* at 75.  Liberty
Mutual would like to offer evidence that the other investigators did not know
about the prior conviction when they investigated the fire and reached their
conclusions.   The Spicers respond, not surprisingly, that they do not intend to
ask Claytor about those matters, which were brought up only in response to
Liberty Mutual's questions in the deposition.  If the Spicers do not raise the matter
with Claytor at trial, there would be no reason to go into the subject of the prior
conviction.


For the foregoing reasons, Liberty Mutual's motion in limine is hereby
denied.


So ordered.

Date: August 16, 2007

_David F. Hamilton_
_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John Francis Carroll
GWIN STEINMETZ MILLER & BAIRD, PLLC
jcarroll@gsmblaw.com

Donald L. Miller II
GWIN STEINMETZ MILLER & BAIRD PLLC
dmiller@gsmblaw.com

Ian W. Thompson
iwthomps@hotmail.com

Trent Thompson
t.thompson@insightbb.com